```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


HITESH SHEEVAM, et al.,        )
                               )
          Plaintiffs,          )
                               )
     v.                        )      No. 4:09 CV 925 DDN
                               )
 RAMAN PATEL,                  )
                               )
          Defendant.           )
```

**MEMORANDUM AND ORDER**

This action is before the court on the motion of defendant Raman Patel to dismiss for lack of jurisdiction from failure to join an indispensable party. (Doc. 6.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 12.)

**I. BACKGROUND**

On June 12, 2009, plaintiffs Hitesh Sheevam, BGMR SSHD, LLC (SSHD), and BGMR HAZWB, LLC (HAZW) commenced this action against Raman Patel for his actions surrounding the management and control of the family's hotel and real estate businesses. (Doc. 1.) Raman Patel is the father of Hitesh Sheevam and Yogesh Patel, and Shilpa Sheevam was married to Hitesh during the period at issue. (Id. at ¶¶ 5, 12.)

From the complaint, the plaintiffs allege the following facts:

Before July 2006, Hitesh owned an 85% stake in SSHD and a 60% stake in HAZW. (Id. at ¶ 9.) His father, Raman, owned the remaining 15% stake in SSHD and the remaining 40% stake in HAZW. (Id.) Hitesh also owned a 40% stake in BGMR Real Estate, LLC, the management company operating the family's various hotels, with Raman and Yogesh each owning a 20% stake in BGMR Real Estate. (Id. at ¶ 11.)

Several disputes broke out between the family members concerning these businesses. (Id. at ¶ 12.) In an effort to resolve the disputes, Hitesh, Raman, Yogesh, and Shilpa entered into a series of Assignment Agreements and Operating Agreements, sometime around July 2006. (Id. at ¶¶ 12-13, 15.) According to the Assignment Agreement, Hitesh agreed

to reduce his stake in both SSHD and HAZW to 20%, while Raman received a 40% stake in each company, and Shilpa and Yogesh each received a 20% stake in the two companies. (Id. at ¶ 12.) According to the Operating Agreement, a family member could elect to "put" his or her interest, whereby the company was required to purchase that member's ownership stake. (Id. at ¶ 14.) The Operating Agreement also required a 2/3 majority vote before any family member could incur more than $250,000 in company debt. (Id.)

After executing these agreements, Raman and Yogesh removed Hitesh from any involvement in managing and operating the family businesses. (Id. at ¶ 15.) In response, Hitesh notified the other family members, in writing, of his desire to "put" his interest in each company; that is, to have the companies buy-out his stake in each. (Id.) Raman, who was now controlling the companies, executed a transfer of ownership agreement, but ultimately failed to go forward with the transfer. (Id. at ¶¶ 17-18.) Raman also executed two loan agreements without the required 2/3 majority approval. (Id. at ¶ 19.) In December 2006, Raman caused SSHD to take on $2.7 million in debt from Royal Bank, and in April 2007, he caused HAZW to take on $1.8 million in debt from Rockwood Bank. (Id.) Raman executed these loans in conjunction with Yogesh, and Hitesh had no knowledge of these loans. (Id. at ¶ 20.) These two loans saddled SSHD and HAZW with an additional $1.4 million in debt. (Id. at ¶ 46.)

By April 2007, the family members were still locked in dispute over the management and control of these businesses, in large part because of Raman's failure to honor Hitesh's desire for a buy-out. (Id. at ¶ 20.) To that end, the family members executed an agreement to submit their dispute to a three-member "council" (Council Agreement), which would decide how to equitably distribute the assets and liabilities of the businesses. (Id.) On May 25, 2007, the council prepared a report, recommending that Hitesh receive 100% stake in SSHD, and that he and his wife each receive a 50% stake in HAZW. (Id. at ¶ 21.)

The council report also required the family members to refinance the businesses' loans, or risk losing their stake in the properties. (Id. at ¶ 22.) When Hitesh attempted to refinance the loans on SSHD and

HAZW, he discovered the extra debt Raman had incurred. (Id. at ¶ 23.) Raman used the proceeds from the loans by Rockwood Bank and Royal Bank to reduce the debt on properties he owned with Yogesh. (Id.) Because of the extra debt, Hitesh was forced to refinance the entire loan on SSHD, incurring a $25,000 penalty. (Id. at ¶ 24.) When he attempted to refinance the HAZW loan, Rockwood Bank told him the HAZW property was insufficient collateral. (Id. at ¶ 25.) Hitesh believes that when Raman was executing the loans, he cross-collateralized the HAZW property with other properties he owned with Yogesh. (Id.) Finally, Hitesh notes that Raman and Yogesh never paid him the $100,000 annual salary he was promised, as required by the Assignment Agreement. (Id. at ¶¶ 26-27.)

From these allegations, Hitesh asserts four claims. In Count I, he asserts a claim of fraud, arising out of the Assignment Agreements. (Id. at ¶¶ 29-34.) In Count II, he asserts a claim of fraud, arising out of the Council Agreement. (Id. at ¶¶ 35-41. In Count III, he asserts a claim of stealing by deceit. (Id. at ¶¶ 42-51.) In Count IV, he asserts a claim of conversion. (Id. at ¶¶ 52-57.)

## II. MOTION TO DISMISS

Raman Patel moves to dismiss the complaint, arguing that Yogesh Patel is an indispensable party under Rule 19(b). First, Raman argues that any judgment rendered in Yogesh's absence would be inadequate. Second, he argues that any judgment in Yogesh's absence would prejudice his interests in any subsequent proceedings. Third, he argues that Yogesh was a party to the Council Agreement, and that a party to a contract is, by law, an indispensable party. Fourth, he argues that Yogesh should be joined to avoid the threat of inconsistent judgments. Raman notes that adding Yogesh as a party would destroy diversity. (Docs. 7, 10.)

In response, the plaintiffs argue that Yogesh is not an indispensable party. First, they argue that Yogesh is merely a joint tortfeasor, and that there is no requirement that all joint tortfeasors be joined in a lawsuit. Second, they argue that Yogesh's claims of prejudice are unsubstantiated. The plaintiffs note that they will

delete the reference to voiding the Council Agreement, if that prayer for relief necessitates joining Yogesh. (Docs. 8, 11.)

### III.  DISCUSSION

Rule 19 determines whether the joinder of a particular party is required. Fed. R. Civ. P. 19; Gwartz v. Jefferson Mem'l Hosp. Ass'n, 23 F.3d 1426, 1428 (8th Cir. 1994). The rule states, in relevant part,

> (a) **Persons Required to Be Joined if Feasible**.
>
>> (1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>
>>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>>
>>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>>
>>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>>
>>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> ...
>
> (b) **When Joinder Is Not Feasible**.  If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
>> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>>
>> (2) the extent to which any prejudice could be lessened or avoided by:
>>
>>> (A) protective provisions in the judgment;
>>> (B) shaping the relief; or
>>> (C) other measures;

> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19.[1]

If a party is not "required" under Rule 19(a), the case must go forward, and there is no need for the court to engage in a Rule 19(b) inquiry. Temple v. Synthes Corp., 498 U.S. 5, 8 (1990) (per curiam); Gwartz, 23 F.3d at 1428. Any joinder analysis should therefore begin with Rule 19(a).

The plain language of Rule 19(a)(1)(A) provides that an unjoined party is "required" if that party's absence would prevent the court from providing complete relief to the existing parties. Gemini Ins. Co. v. Clever Constr., Inc., Cv. No. 09-290 DAE-BMK, 2009 WL 3378593, at *3 (D. Haw. Oct. 21, 2009). "The focus [of subsection (1)(A)] is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." Gwartz, 23 F.3d at 1428.

In this case, the plaintiffs have brought claims of fraud, stealing by deceit, and conversion against Raman Patel. Each of these claims sounds in tort and seeks monetary damages.[2] See Columbia Mut. Ins. Co. v. Long, 258 S.W.3d 469, 476 (Mo. Ct. App. 2008) (describing the tort of conversion); Gremminger v. Mo. Labor and Indus. Relations Comm'n, 129 S.W.3d 399, 403 (Mo. Ct. App. 2004) (describing the property torts of fraud and deceit). To the extent there are allegations common to Raman and Yogesh, the two may be seen as joint tortfeasors. And it "has long been the rule that it is not necessary for all joint tortfeasors to be

---

[1] In 2007, the Rules Committee replaced the word "necessary" with the word "required," restyled some of the longer clauses, and deleted the word "indispensable." Republic of the Philipines v. Pimentel, 128 S. Ct. 2180, 2184 (2008). These changes were stylistic only. Id.

[2] In Count II, the plaintiffs also seek to have the Council Agreement declared void. (Doc. 1 at 9.) This request does not change the nature of plaintiffs' fraud claim, "as the prayer for relief is in fact no part of the claim or cause of action stated." Peitzman v. City of Illmo, 141 F.2d 956, 962 (8th Cir. 1944).

named as defendants in a single lawsuit." Temple, 498 U.S. at 7. Instead, joint tortfeasors are simply permissive parties. Bailey v. Bayer CropScience L.P., 563 F.3d 302, 308 (8th Cir. 2009).

Looking to Temple and the claims in the complaint, the plaintiffs can achieve complete relief against Raman Patel without joining Yogesh Patel. An award of monetary damages against Raman would give the plaintiffs the desired relief, and would not require the plaintiffs to pursue a subsequent lawsuit against Yogesh.[3] Yogesh is not a required party under Rule 19(a)(1)(A).

The plain language of Rule 19(a)(1)(B) provides that an unjoined party is "required" if that party <u>claims an interest</u> in the proceedings. Gemini Ins. Co., 2009 WL 3378593, at *4. Under subsection (1)(B), if a party is "aware of an action and chooses not to claim an interest, the district court does not err by holding that joinder is 'unnecessary.'" Id. Only the absent party may assert its claim. Gibbs Wire and Steel Co. v. Johnson, 255 F.R.D. 326, 329 (D. Conn. 2009). "A party named in the litigation cannot assert the interest on the absent party's behalf." Id.; see also Gemini Ins. Co., 2009 WL 3378593, at *4 ("It is inappropriate for one defendant to attempt to champion the absent party's interests.") (quoting United States v. Bowen, 172 F.3d 682, 689 (9th Cir. 1999)).

In this case, Yogesh must be aware of this lawsuit. This case was filed by his brother, and against his father, who doubles as his business partner. In addition, Yogesh and Raman have filed their own lawsuit against Hitesh and HAZW, based upon a similar set of facts. (Doc. 7 at 3.) Despite a near-certain awareness of this suit, Yogesh has not claimed an interest in this lawsuit. Absent such a claim, Yogesh is not a "required" party under Rule 19(a)(1)(B). See Fanning v. Group Health Coop., No. C07-1716 MJP, 2008 WL 2148753, at *2 (W.D. Wash. May 21, 2008).

---

[3]In the event of a judgment, Raman may, of course, seek contribution from Yogesh. See Safeway Stores, Inc. v. City of Raytown, 633 S.W.2d 727, 731 (Mo. 1982). More immediately, he may implead Yogesh. Fed. R. Civ. P. 14(a)(1).

- 6 -

Since Yogesh is not a "required" party under either subsection of Rule 19(a), there no need to engage in a Rule 19(b) inquiry. <u>Temple</u>, 498 U.S. at 8. The case must go forward without him. <u>Gwartz</u>, 23 F.3d at 1428.

## IV. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendant Raman Patel to dismiss for lack of jurisdiction from failure to join an indispensable party (Doc. 6) is denied.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on November 25, 2009.