UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HITESH SHEEVAM and <br> BGMR HAZWB, LLC, and <br> BGMR SSHD, LLC, <br> <br> Plaintiffs, <br> <br> v. <br> <br> RAMAN PATEL, <br> <br> Defendant. | Cause No. 4:09-cv-00925 DDN |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT
AND MEMORANDUM IN SUPPORT**

Plaintiffs file this Motion to Enforce Settlement because, despite successfully negotiating a mediated settlement through the efforts of the Hon. Stephen Limbaugh, Sr., Defendant has refused to honor the agreement reached by the Parties.

In support of this Motion, Plaintiffs state as follows:

1.  Pursuant to this Court's Order referring this matter to ADR, the parties gathered for mediation with the Hon. Stephen Limbaugh, Sr. (the "Mediator") on February 17, 2010. All parties were represented by counsel.

2.  After more than five hours of mediation, the parties reached a settlement. This settlement was documented in a hand-written note and signed by counsel. (Ex. A)[1]. It was later set forth in a more formal document prepared by the Mediator. (Ex. B).

3.  The essential terms of the settlement are as follows:

---

[1] See Affidavit of Jay L. Kanzler Jr., attached hereto as Ex. E, for authentication of Exhibits A, B and D.

1

  a. Defendant would reduce by $230,000 the loan balance of the Rockwood Bank loan secured by the Comfort Inn Hazelwood, which is owned by BGMR HAZW, LLC (the "Rockwood Loan");

  b. Defendant would then be removed as a guarantor of the Rockwood Loan;

  c. The Parties would dismiss with prejudice all pending lawsuits, which were (i) the instant case, (ii) a related case between some parties in St. Louis County Circuit Court – <u>Raman Patel and Yogesh Patel v. Sheevam</u>, Cause No. 09SL-cc03619 (the "State Court Case"); and (iii) another related case between Plaintiff BGMR SSHD, LLC and Royal Bank, in St. Louis County Circuit Court, <u>BGMR SSHD, LLC v. Royal Banks of Missouri</u>, Cause No. 09SL-cc01024 (the "Royal Bank Case"); and

  d. There would be general and mutual releases between Plaintiffs, Defendant and Yogesh Patel, who is a party in the State Court Case.

 4. At the mediation, the Mediator asked counsel how long it would take to get the details worked out with Rockwood Bank, and to get the dismissals on file. It was suggested that thirty (30) days would suffice. That was overly optimistic. (Kanzler Aff. at ¶7). Even Judge Limbaugh indicated that, "I have reported to Judge Noce that the case has settled but that it might take a month or so to implement the settlement and file an appropriate dismissal." (Ex. B, p. 1)

 5. Since the mediation, Plaintiffs have worked diligently with Rockwood Bank to secure the removal of Defendant as a guarantor of the Rockwood Loan. This has required:

  a. Obtaining preliminary approval from Rockwood Bank's loan committee;

  b. As a condition to final approval, Plaintiffs were required to have a new appraisal of the Comfort Inn Hazelwood performed by a Bank-approved appraiser and to receive

a comfort letter from the hotel's franchisor, including the completion of an updated property inspection; and

       c.      Upon receiving the new appraisal and comfort letter, the request was again submitted to Rockwood Bank's loan committee for final approval. (See Affidavit of Hitesh Sheveem attached as Exhibit C at ¶5).

6.      This has now been completed. (Id. at ¶6)

7.      In the interim, the Royal Bank case was set for trial (March 29, 2010). Royal Bank was unwilling to consent to a continuance of the trial date. In order to avoid unnecessary expense and costs associated with completing depositions and trial in the Royal Bank case (which was going to be dismissed as part of the settlement), but to avoid giving up permanently all legal rights and remedies against Royal Bank until after the settlement agreement between Plaintiffs and Defendant was finalized, on March 11, 2010, Plaintiff BGMR SSHD, LLC dismissed the Royal Bank case *without prejudice.*

8.      Plaintiffs intended at the time of filing the dismissal, and intend still, to file all such documents necessary to make the dismissal against Royal Bank *with prejudice* once the settlement agreement between Plaintiffs and Defendant is finalized.

9.      Defendant now claims that because the dismissal in the Royal Bank Case was initially filed *without prejudice*, rather than *with prejudice,* the Parties' mediated settlement is now unenforceable. (Ex. F).

10.      Because the Parties agreed upon all material terms in the settlement, and because Plaintiffs have complied with all of the material terms (or have tendered performance of such), Defendant's refusal to proceed with the settlement is an unwarranted breach of the settlement agreement.

3

WHEREFORE, Plaintiffs move this Court for an Order enforcing the Parties' Settlement Agreement, for their attorneys' fees and costs associated with the filing of this Motion, and for such other and further relief as this Court deems just and proper.

### LEGAL MEMORANDUM IN SUPPORT OF MOTION

I.    **PROCEDURAL STATUS**

A short summary of the factual and procedural status of the various lawsuits is helpful.

Hitesh Sheevam ("Sheevam") is the son of Raman Patel ("Patel"). Yogesh Patel ("Yogesh") is Raman's second son and Sheevam's brother. The family has been fighting for more than five years over the family hotel business.

    A.    **The Federal Case.**

BGMR HAZW, LLC ("BGMR") and BGMR SSHD, LLC ("SSHD") and their owner, Sheevam, filed suit against Patel asserting among other things, that Patel orchestrated a series of loans at Rockwood Bank and Royal Bank encumbering two hotel properties, owned at the time in part by both Sheevam and Patel, without the proper authorization from the limited liability company members. One of these loans was with Rockwood Bank (the "Rockwood Loan") and remains outstanding and is secured with the Comfort Inn Hazelwood hotel owned by BGMR.

The operating agreements for the two limited liability companies – BGMR and SSHD – required a super-majority vote of 66.6% of the members to incur a debt in excess of $250,000. Patel and Yogesh owned only 60% of the respective companies. Sheevam and his then-wife, Shilpa Sheevam, owned 40% of the companies. Patel did not have the authorization from either Sheevam or his wife, and therefore, the loans were not authorized. Additionally, it was alleged

in the Complaint that Patel and Yogesh transferred $500,000 of the loan proceeds for personal uses.

**B.     The State Court Case.**

In the State Court Case, Patel and Yogesh filed suit against Sheevam claiming that Sheevam breached another settlement agreement reached by all the family members as part of the very long family dispute.  In the State Court Case, Patel and Yogesh assert that Sheevam has failed to timely refinance the Rockwood Loan and remove them as guarantors on the Rockwood Loan.

**C.     The Royal Bank Case.**

In the Royal Bank Case, SSHD (owned by Sheevam) filed suit against Royal Bank for its role in permitting Patel to make the unauthorized loans secured by the Days Inn Sunset Hills hotel owned by SSHD.  SSHD sought to recover from Royal Bank more than $500,000 that Patel borrowed in the name of SSHD without authorization, and which he then transferred to other accounts for personal use.

**D.     The Mediation.**

The parties agreed to mediate both the Federal Case and the State Court Case before Stephen Limbaugh Sr., on February 17, 2010 (the "Mediation").  The Parties reached a settlement agreement.

The essential terms of the settlement were as follows:

  a.     Patel would reduce by $230,000 the loan balance of the Rockwood Loan secured by the Comfort Inn Hazelwood, which is owned by BGMR;

  b.     Patel and Yogesh would then be removed as guarantors of the Rockwood Loan;

   c. The Parties (Sheevam, Patel, Yogesh, BGMR, SSHD) would dismiss with prejudice all pending lawsuits: (i) the Federal Case; (ii) the State Court Case); and (iii) the Royal Bank Case; and

   d. There would be general and mutual releases between all Parties.

 A preliminary documentation of the settlement agreement was hand-written and signed at the Mediation, and the Mediator drafted a more formal document that was subsequently distributed to counsel.  (Exs. A and B).

 **E.** **Work On The Rockwood Loan.**

 Following the Mediation, Plaintiffs have worked diligently with Rockwood Bank to secure the removal of Patel and Yogesh as guarantors of the Rockwood Loan.  This has required:

   a. Obtaining preliminary approval from Rockwood Bank's loan committee;

   b. As a condition to final approval, Plaintiffs were required to have a new appraisal of the Comfort Inn Hazelwood performed by a Rockwood Bank-approved appraiser and to receive a comfort letter from the hotel's franchisor, including the completion of an updated property inspection; and

   c. Upon receiving the new appraisal and comfort letter, the request was again submitted to Rockwood Bank's loan committee for final approval.

 This work has now been completed.  (Affidavit of Hitesh Patel at ¶6)

 **F.** **Dismissal of the Royal Bank Case.**

 The Royal Bank Case was set for trial (March 29, 2010).  Royal Bank was unwilling to consent to a continuance of the trial date.  In order to avoid unnecessary expense and costs associated with completing depositions and trial in the Royal Bank case (which was going to be dismissed as part of the settlement), but to avoid giving up permanently all legal rights and

6

remedies against Royal Bank until after the settlement agreement between Plaintiffs and Defendant was finalized, Plaintiff SSHD dismissed the Royal Bank Case *without prejudice.*

Plaintiff SSHD intended at the time of filing the dismissal, and still intends, to file all such documents necessary to make the dismissal against Royal Bank *with prejudice* once the settlement agreement between Plaintiffs and Defendant is finalized.

Defendant now claims that Plaintiffs' breached the mediated settlement agreement by filing the dismissal in the Royal Bank Case without prejudice as opposed to with prejudice. Patel wrote a letter to the Mediator stating as much. (Ex. F).

## II.     **LEGAL ARGUMENT**

Settlement agreements are governed by contract law. Chaganti & Associates v. Nowotny, 470 F.3d 1215, 121 (8th Cir. 2006). The essential elements of a valid settlement agreement are the involvement of parties who are competent to contract, a proper subject matter, legal consideration, mutuality of obligation, and mutuality of agreement. L.B. v. State Comm. of Psychologists, 912 S.W.2d 611, 617 (Mo. Ct. App. 1995). There is no dispute that the alleged settlement was made by parties competent to contract, and the subject matter is proper, and there was mutual consideration and obligation. Therefore, the Parties reached a settlement and that settlement is enforceable.

Defendant's contention that dismissing the Royal Bank Case preliminarily without prejudice in order to permit the Parties here to finalize a settlement, somehow negates the settlement , is simply not justified.

First, the dismissal in the Royal Bank Case will be with prejudice once this settlement is finalized. Clearly, filing a dismissal without prejudice in the interim was reasonably necessary to protect the interests of all parties pending the final paperwork on the Rockwood Bank Loan. If

SSHD had in fact dismissed the Royal Bank Case *with prejudice*, and had Patel attempted to avoid settling in this case (as he is apparently attempting to do now), SSHD would have been without a remedy against Royal Bank, a remedy that it was specifically foregoing only as part of the settlement with Patel.

But apparently Defendant contends that this had to be accomplished within 30 days of the mediation. But time was not of the essence on this point. Rather, the thirty days was a guess by counsel at best. Even Judge Limbaugh indicated that, "I have reported to Judge Noce that the case has settled but that it might take a month or so to implement the settlement and file an appropriate dismissal." (Ex. B, p. 1). If time is not of the essence, mere delay in performance is not considered a material breach justifying rescission." Mills v. Keasler, 395 S.W.2d 111, 117 (Mo. 1965) quoting 17A C.J.S. Contracts § 422(1), p. 520.

## CONCLUSION

WHEREFORE, Plaintiffs move this Court for an Order enforcing the Parties' Settlement Agreement, for their attorneys' fees and costs associated with the filing of this Motion, and for such other and further relief as this Court deems just and proper.

                    WITZEL KANZLER DIMMITT KENNEY &
                    KANZLER, LLC

By: /s/ Jay L. Kanzler Jr.
    Jay L. Kanzler Jr., #3516
    Brian J. Massimino, #498805
    2001 S. Big Bend Boulevard
    St. Louis, MO 63117
    (314) 645-5367(tel)
    (314) 645-5387 (fax)
    jaykanzler@wkllc.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 29th day of May 2010, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.

                 /s/ Jay L. Kanzler Jr.